IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

Marcellus James Fennell, Jr., )
                                                  )    C.A. No. 5:18-1740-HMH-KDW
                 Petitioner, )
                                                  )    **OPINION & ORDER**
          vs. )
)
Hector Joyner, Warden Federal )
Correctional Inst. Estill, SC, )
)
               Respondent. )

     This matter is before the court with the Report and Recommendation of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Marcellus James Fennell, Jr. ("Fennell"), a pro se federal prisoner, seeks habeas corpus relief pursuant to 28 U.S.C. § 2241. In her Report and Recommendation, Magistrate Judge West recommends granting Respondent's motion to dismiss and dismissing Fennell's petition. After review and for the reasons below, the court adopts the magistrate judge's Report and Recommendation, grants Respondent's motion to dismiss, and dismisses Fennell's petition without prejudice.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

## I. FACTUAL AND PROCEDURAL HISTORY

Fennell is currently incarcerated at FCI-Estill. On December 16, 2008, Fennell pled guilty to one count of conspiracy to possess with intent to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C. § 846, in the United States District Court for the Eastern District of North Carolina. United States v. Fennell, C.A. No. 7:08-cr-77-D-1 (E.D.N.C.).[2] Fennell's sentencing range, under the United States Sentencing Guidelines ("USSG"), was 360 months to life imprisonment, which included a career offender enhancement based on two prior state drug convictions. Id. (Sentencing Tr. 38, ECF No. 45.) On May 6, 2009, Fennell received a downward departure pursuant to USSG § 5K1.1 and was sentenced to 300-months' imprisonment. Id. (Sentencing Tr. 58, ECF No. 45.) Fennell appealed his sentence. The United States Court of Appeals for the Fourth Circuit dismissed Fennell's appeal on November 3, 2009. United States v. Fennell, No. 09-4457 (4th Cir. Nov. 3, 2009) (unpublished). On June 20, 2012, Fennell filed a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255. (§ 2241 Pet. Attach. 1 (Mem. Supp. § 2241 Pet. 3), ECF No. 1-1.) The Eastern District of North Carolina dismissed the § 2255 motion on May 6, 2013. (Id. Attach. 1 (Mem. Supp. § 2241 Pet. 3), ECF No. 1-1.)

Fennell filed the instant § 2241 petition on June 21, 2018,[3] arguing that, in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), one of his prior convictions no longer qualifies as a predicate offense under the career offender sentencing enhancement.

---

[2] This court may take judicial notice of the prior case. Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

[3] Houston v. Lack, 487 U.S. 266 (1988).

2

(Id., ECF No. 1.) Respondent filed a motion to dismiss on September 24, 2018. (Mot. Dismiss, ECF No. 18.) Fennell filed a response in opposition on October 26, 2018.[4] (Resp. Opp'n Mot. Dismiss, ECF No. 21.) Magistrate Judge West filed the Report and Recommendation on February 21, 2019, and recommends granting Respondent's motion and dismissing Fennell's petition because (1) Fennell's petition is barred by a valid appeal waiver, and (2) Fennell cannot satisfy the savings clause test under 28 U.S.C. § 2255(e), pursuant to United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018), in order to proceed under § 2241. (R&R, generally, ECF No. 26.) Fennell filed objections to the Report and Recommendation on March 7, 2019.[5] (Objs., generally, ECF No. 28.) This matter is now ripe for review.

## II. DISCUSSION OF THE LAW

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Fennell's objections are non-specific, unrelated to the dispositive portions of the Report and Recommendation, or merely restate his claims. Further, Fennell did not specifically object to the magistrate judge's conclusion that his § 2241 petition is barred by the valid appeal waiver in his plea agreement. However, the court

---

[4] Id.

[5] Id.

3

was able to glean one specific objection. Fennell objects to the magistrate judge's conclusion that his sentence does not "present an error sufficiently grave to be deemed a fundamental defect," under the Wheeler savings clause test. (Objs., generally, ECF No. 28.)

Collateral attacks challenging the legality of a conviction or sentence are properly brought under § 2255, while collateral attacks challenging the execution of a sentence are properly brought under § 2241. In re Vial, 115 F.3d 1192, 1194 & n.5 (4th Cir. 1997). However, a federal prisoner may challenge the legality of his sentence under § 2241, rather than § 2255, if the prisoner can demonstrate that § 2255 is inadequate or ineffective to test the legality of the sentence. See In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) (citing 28 U.S.C. § 2255); Wheeler, 886 F.3d at 428. In Wheeler, the Fourth Circuit adopted a new savings clause test that allows a prisoner to challenge the legality of his sentence under § 2241, rather than § 2255, if:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429 (citing In re Jones, 226 F.3d at 333-34 & n.3).

Fennell alleges that one of his predicate offenses for the career offender enhancement no longer qualifies pursuant to Simmons because the maximum possible sentence he could have received for the prior state conviction was nine months. (§ 2241 Pet. Attach. 1 (Mem. Supp. § 2241 Pet. 9), ECF No. 1-1.) In Simmons, the Fourth Circuit modified the method by which a North Carolina conviction is classified as a felony offense for purposes of federal sentencing

4

enhancements, and requires sentencing courts to examine whether the particular defendant's maximum possible sentence for the predicate conviction exceeded one year. Simmons, 649 F.3d at 248.

In United States v. Foote, the Fourth Circuit held that a valid career offender enhancement imposed after United States v. Booker, 543 U.S. 220 (2005), which is later undermined by Simmons, does not present a fundamental defect resulting in a complete miscarriage of justice under § 2255. 784 F.3d 931, 940-44 (4th Cir. 2015). The Supreme Court of the United States held in Booker that the USSG were no longer mandatory, but were to be considered advisory only. Booker, 543 U.S. at 245. Key to the court's analysis in Foote was that when the petitioner was sentenced, the USSG were advisory and required an individualized analysis of the sentencing factors set forth in 18 U.S.C. § 3553(a) before a sentence could be imposed. Id. at 941.

In Wheeler, the Fourth Circuit found that an increase to a mandatory minimum sentence under pre-Booker mandatory guidelines that is later invalidated by a subsequent change in law, presented a sufficiently grave fundamental error to allow the petitioner to satisfy the savings clause test and have his petition heard on the merits. Wheeler, 886 F.3d at 430. Recently, the Fourth Circuit and district courts therein have found that no fundamental defect exists under Wheeler for errors in originally valid sentences imposed pursuant to post-Booker advisory guidelines. See Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018) (rejecting the government's argument that Foote barred a § 2241 petition that challenged a prisoner's career offender enhancement who had been sentenced prior to Booker and noting that "*Foote* undoubtedly would bar [the petitioner's] petition had he been sentenced under the advisory

5

Guidelines."); Kornegay v. Warden, FCI Butner, No. 13-7565, 2019 WL 258720, at *1 (4th Cir. Jan. 17, 2019) (per curiam) (unpublished) (affirming district court's order denying § 2241 relief because petitioner "was sentenced under the advisory Guidelines and *Foote* bars his petition."); Lee v. Andrews, No. 5:18-HC-2031-FL, 2018 WL 4924008, at *2 (E.D.N.C. Oct. 10, 2018) (holding that a career offender enhancement imposed under post-Booker advisory USSG that is later invalidated by a subsequent change in law did not amount to a fundamental defect under Wheeler); Mangum v. Hollembaek, No. 5:16-HC-2293-FL, 2018 WL 4113346, at *2 (E.D.N.C. Aug. 28, 2018) (examining a § 2241 petition that alleged an improper sentence enhancement under Simmons and holding that Foote prevented the court from finding a fundamental defect in sentencing under Wheeler's savings clause test).

Fennell objects to the magistrate judge's conclusion that his sentence does not present a fundamental defect and submits that his career offender enhancement should be considered a fundamental defect in light of Simmons. (Objs., generally, ECF No. 28.) However, Fennell was sentenced in 2009, after the Booker decision rendered the USSG advisory only. Thus, Fennell's USSG sentencing range was considered advisory only, and the sentencing court was required to determine if Fennell's sentence was appropriate based on the factors in 18 U.S.C. § 3553(a).[6] Moreover, the sentencing court imposed a below-guidelines sentence of 300-months'

---

[6] The sentencing court considered the § 3553(a) factors and the Booker decision. United States v. Fennell, C.A. No. 7:08-cr-77-D-1 (Sentencing Tr. 57-58, ECF No. 45 ("Having fully considered all arguments of counsel, having fully considered the 3553(a) factors, having fully considered the request for a variance from the Defendant, having rejected that as inappropriate in light of this Defendant, having rejected the Government's proposed recommendation but taking into account the Defendant's cooperation, pursuant to the Sentencing Reform Act of 1984 and in accordance with the Supreme Court's decision in United States v. Booker, it is the judgment of the court that the defendant, Marcellus Fennell, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 300-months.")).

imprisonment. Accordingly, Fennell's sentence, imposed under the advisory USSG, does not present a fundamental defect under Wheeler. See Foote, 784 F.3d at 940, 944; Lester, 909 F.3d at 715. Thus, Fennell's objection is without merit.

Based on the foregoing, the court finds that Fennell cannot challenge his sentence under § 2241 because § 2255 is not inadequate or ineffective to test the legality of his sentence. Accordingly, the court adopts Magistrate Judge West's Report and Recommendation and incorporates it herein.

Therefore, it is

**ORDERED** that Respondent's motion to dismiss, docket number 18, is granted. It is further

**ORDERED** that Fennell's petition, docket number 1, is dismissed without prejudice.

**IT IS SO ORDERED**.

    s/Henry M. Herlong, Jr.
    Senior United States District Judge

Greenville, South Carolina
March 19, 2019

### NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure